SHAPERO *v.* RYDER.

MORTGAGES—FORECLOSURE—TRUSTEES' LIABILITY FOR DEFICIENCY—NOTICE.

Where court decree ordered that property be deeded to certain persons as trustees, that they execute a mortgage as trustees to certain person, and that said trustees should be liable only for their own acts, they are not liable for deficiency in foreclosure suit by assignees of mortgagee, although they were not named as trustees in either deed or mortgage, especially where assignees had acted as attorneys for some of the parties, one of said assignees had prepared the mortgage, and they had knowledge of extent of obligation assumed by said trustees.

Appeal from Wayne; Carr (Leland W.), J., presiding. Submitted April 18, 1930. (Docket No. 95, Calendar No. 34,941.) Decided June 2, 1930.

Bill by Samuel and Harold M. Shapero against James D. Ryder and others to foreclose a mortgage on real estate and obtain a deficiency decree. From a decree for plaintiffs, defendants Ryder, Milligan, and Esser appeal. Modified and affirmed.

*Shapero & Shapero,* for plaintiffs.

*Joslyn, Joslyn & Joslyn,* for defendants Esser.

*Savery, McKenzie & Hamilton (Denby, Kennedy & Kennedy,* of counsel), for defendant Milligan.

Sharpe, J. Two suits, brought to foreclose mechanics' liens on certain property in Highland Park, were pending in the circuit court for the county of Wayne in November, 1926. Pursuant to a stipulation entered into by the attorneys for all of the parties in interest, a decree was entered. It fixed the amount due to the several claimants. It stated that Joseph F. Weber had a mortgage lien thereon for $58,000; that Clarence and Edith Bennett were part owners thereof; that Joseph and Lillian Izatt were title owners, and that Esidore Kowalsky was a "part owner by unrecorded deed." It provided that the present owners deed the premises to Robert J. Ernst, James D. Ryder, Edmund J. Esser, Don C. Abbott, Eloise Milligan, and John Beals as trustees. It further ordered the said trustees to execute a mortgage on the property to Esidore Kowalsky in the sum of $10,000, subject to the mortgage to Weber; that the trustees should have charge of the property until all the lien claimants were paid in full, "at which time they will be considered owners of the said premises in fee in proportion as their claims appear;" that a declaration of trust should be drafted and filed with the court; that the lien

claimants should file a discharge of their liens; that when the lien claim of Eloise Milligan was paid in full "her interest in the property shall go to Robert Ernst under whom she claims a lien;" that the liens claimed by the persons named as trustees should have preference and share *pro rata,* and that the other lien claimants should participate in any balance as their interests might appear.

It contained the further provision:

"It is further ordered, adjudged and decreed that the said trustees herein mentioned shall not be personally liable for any of the claims herein mentioned and shall be responsible only for their own acts as trustee of the said property as herein provided."

Mr. and Mrs. Bennett and Mr. and Mrs. Izatt deeded to Kowalsky, and he and his wife, on December 7, 1926, conveyed by warranty deed to the persons named in the decree as trustees, and they executed a mortgage for $10,293.52 to Kowalsky. In neither the deed nor the mortgage were they named as trustees. For a stated consideration of $7,215, Kowalsky assigned this mortgage to the plaintiffs on January 12, 1927. It was recorded on the same day. There was default in the payment thereof, and plaintiffs filed the bill herein to foreclose it.

The only question in dispute at the hearing was whether the mortgagors were personally liable for any deficiency which might arise on the sale. The trial court was of the opinion that the mortgage contained "an absolute and unconditional promise on the part of these mortgagors to pay" the amount thereof, and that its terms could not "be varied by parol evidence," and granted a decree holding them liable for such deficiency. From it the defendants Ryder, Esser, and Milligan have appealed.

In *Goodspeed* v. *Nichols*, 231 Mich. 308 (to which it does not appear that the trial court's attention was called), a somewhat similar question was presented. It was there urged that a deed, executed in fulfillment of a contract—

"is presumed to merge the provisions of a preceding contract pursuant to which it is made, including all prior negotiations and agreements leading up to execution of the deed,"

—but attention was called to "the long recognized exception that—

" 'Where, however, the deed constitutes only a part performance of the preceding contract, other distinct and unperformed provisions of the contract are not merged in it. And where a contract of sale provides for the performance of acts other than the conveyance, it remains in force as to such other acts until full performance.' "

It was further said:

"Under the situation presented here, a court of equity will look through the deed to the contract in performance of which it is given and, if it contains other valid, relevant provisions not covered by the deed nor inconsistent with it, may enforce the same."

In the litigation resulting in the consent decree, the plaintiffs were attorneys for the Bennetts, the Izatts, and Kowalsky. It does not appear by whom the deeds executed by these parties were prepared. The mortgage to Kowalsky was prepared by Harold M. Shapero, one of the plaintiffs. The stipulation provided that it should "be drawn in such a manner as to satisfy" him as attorney for Kowalsky.

The ninth paragraph of the mortgage reads as follows:

"That the mortgagors herein hold the title to said premises as trustees for themselves and certain other lien claimants and Joseph F. Weber, first mortgagee, and the mortgage herein, in accordance with the terms of a certain declaration of trust made and executed by said mortgagors, and that said mortgagors in consideration of the conveyance of said premises on even date hereof by deed from the mortgagee herein to the said mortgagors do expressly covenant and agree that they will collect the rents and profits of said premises and use the net income after running expenses have been paid, as follows: (1) They will apply said net income to the payment of taxes assessed against said premises; (2) To the payment of interest upon the first mortgage to Joseph F. Weber; (3) They will pay the principal and interest due upon the within mortgage and any sums remaining in their hands after payment of said charges as herein decided may be appropriated by them for any purpose according to the agreement of the parties."

A consideration of the stipulation, the decree entered pursuant thereto, and this provision in the mortgage leads us to the inevitable conclusion that the words "as trustees" should have been inserted in the deed and mortgage after the names of the persons designated as trustees in the decree. While the declaration of trust provided for in the decree was never prepared, the duties of the persons who were named as trustees are set out with such particularity that a trust as to all the property which came into their hands would be enforceable as against them, and no claim is here made that they did not perform their duties as such.

As before stated, the mortgage was drawn by one of the plaintiffs. They were attorneys interested in the litigation, and are chargeable with knowledge

of the extent of the obligation assumed by the trustees. No money was loaned by Kowalsky to the trustees. The mortgage was executed by them for the sole and only purpose of completing the settlement arrived at and which was reduced to enforceable form in the consent decree. It seems clear that there was no intent on the part of any of the parties thereto that the trustees should assume a personal liability in giving the mortgage therein provided for.

The decree of the circuit court will be modified by expunging therefrom the paragraph adjudging the defendants liable for any deficiency which may arise on the sale of the mortgaged premises, with costs to appellants, and, as thus modified, affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.